IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELSINN HEALTHCARE S.A. and ROCHE PALO ALTO LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 13-688 (GMS) |
| v. | ) ) | |
| AUROBINDO PHARMA LTD. and AUROMEDICS PHARMA LLC, | ) ) ) ) | |
| Defendants. | ) | |
| HELSINN HEALTHCARE S.A. and ROCHE PALO ALTO LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | C.A. No. 13-1612 (GMS) |
| BEN VENUE LABORATORIES, INC. d/b/a BEDFORD LABORATORIES | ) ) ) ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

This ___ day of _____ 2014, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on December 20, 2013, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Consolidation.** The above actions are consolidated for all purposes. All papers shall be filed in C.A. No. 13-688.

2. **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before February 6, 2014.

3. **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before May 7, 2014.

4. **Contentions.**

(a).   Technical Documents.  Defendants shall produce their ANDAs to Plaintiffs on January 8, 2014.

(b).   Asserted claims.  On February 13, 2014, Plaintiffs shall identify the claims of the asserted patents that each Defendant allegedly infringes.

5. *Markman* **Claim Construction Hearing.**  A *Markman* claim construction hearing shall be held on July 14, 2014 at 9:30 a.m.  The *Markman* hearing is scheduled for a total of 3 hours with each side having 1.5 hours.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On February 27, 2014, the parties shall exchange a list of those claim term(s)/phrases that they believe need construction and, on March 13, 2014, the parties shall exchange their proposed claim constructions of those term(s)/phrases. These documents will not be filed with the Court. On or before March 27, 2014, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.  The plaintiff shall submit to the court a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing.  A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov.  The Joint Appendix shall be filed on the same day as the answering claim construction briefs.  The parties shall file opening claim construction briefs on April 17, 2014,

and answering claim construction briefs on May 28, 2014. Briefing will be presented pursuant to the court's Local Rules.

6. **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before August 15, 2014. Opening expert reports addressing claims or defenses for which a party bears the burden of proof shall be served on or before September 12, 2014. Rebuttal expert reports shall be served on or before October 24, 2014. Reply expert reports shall be served on or before November 21, 2014. Expert Discovery in this case shall be initiated so that it will be completed on or before January 12, 2015.

a. **Discovery and Scheduling Matters.** Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER,** exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES.** The party

---

[1] Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.

seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    b.  **Document Production**.  Document production shall be substantially complete by June 6, 2014.

    7.  **Confidential Information and Papers filed under Seal.**  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order.  When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

    8.  **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  The parties shall wait to be contacted by the assigned United States Magistrate Judge.

    9.  **Case Dispositive Motions.**  To the extent permitted, all case- or issue-dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions.  Briefing will be presented pursuant to the Court's Local Rules.  The parties may agree on an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.  Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10.     **Applications by Motion.**  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.     **Oral Argument.**  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12.     **Pretrial Conference.**  On March 3, 2015, beginning at 10 a.m., the Court will hold a Pretrial Conference by telephone with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov.  Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.  Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order.  **Motions *in limine*[2]*:*  NO MOTIONS *IN LIMINE* SHALL BE FILED;** instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be

---

[2]     The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List Of Evidentiary Issues It Intends To Raise."

located on this court's website at www.ded.uscourts.gov, on or before close of business on February 16, 2015.

13. **Trial.** This matter is scheduled for a 5 day **bench** trial beginning at 9:30 a.m. on March 16, 2015.

14. **Scheduling.** The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel are on the line for purposes of selecting a new date.

_____
CHIEF, UNITED STATES DISTRICT JUDGE