EXHIBIT A

**Proposed Consolidated Schedule for C.A. Nos. 13-688, 13-1612, 13-2101, and 14-427**

| Description | Proposed Dates |
|---|---|
| Production of ANDAs by Defendants | June 20, 2014 (for Cipla/Accord) |
| Initial Disclosures | June 20, 2014 (for Cipla/Accord/Plaintiffs) |
| Answering *Markman* Briefs Concerning "pharmaceutically stable" Claim Term (Plaintiffs and Ben Venue only) | June 27, 2014 |
| Disclosure by Plaintiffs of Asserted Claims | July 11, 2014 |
| Exchange Claim Terms to Be Construed | July 25, 2014 |
| Exchange Proposed Constructions | August 15, 2014 |
| Final Joint Claim Chart | September 5, 2014 |
| Opening *Markman* Briefs | October 10, 2014 |
| Deadline to Amend Pleadings or Join Additional Parties | October 10, 2014 |
| Answering *Markman* Briefs | November 21, 2014 |
| Completion of Document Production | January 28, 2015 |
| *Markman* Hearing | Subject to the Court's Availability (parties will propose January/February 2015) |
| Close of Fact Discovery | March 11, 2015 |
| Opening Expert Reports Addressing Claims or Defenses upon which the Party Bears the Burden of Proof | April 17, 2015 |
| Rebuttal Expert Reports | May 29, 2015 |
| Reply Expert Reports | June 26, 2015 |
| Close of Expert Discovery | July 31, 2015 |

| Description | Proposed Dates |
| --- | --- |
| Joint Pretrial Order | September 9, 2015 |
| Pretrial Conference | Subject to the Court's Availability |
| Trial | Subject to the Court's Availability |

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELSINN HEALTHCARE S.A. and ROCHE PALO ALTO LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 13-688 (GMS) |
| v. | ) ) | CONSOLIDATED |
| AUROBINDO PHARMA LTD. and AUROMEDICS PHARMA LLC, | ) ) ) ) | |
| Defendants. | ) | |
| HELSINN HEALTHCARE S.A. and ROCHE PALO ALTO LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 13-1612 (GMS) |
| BEN VENUE LABORATORIES, INC. d/b/a BEDFORD LABORATORIES | ) ) ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs Helsinn Healthcare S.A. ("Helsinn") and Roche Palo Alto LLC

("Roche") (collectively, "Plaintiffs"), and Defendants Aurobindo Pharma Ltd. ("Aurobindo

Ltd.") and AuroMedics Pharma LLC ("AuroMedics") (collectively, "Aurobindo"), and Ben

Venue Laboratories, Inc. d/b/a Bedford Laboratories ("Ben Venue"), have requested that this

Protective Order ("Order") be entered to govern the exchange and use of discovery materials and

testimony that the Parties regard as confidential. Each of the parties listed above are referred to

herein individually as a "Party" or collectively as the "Parties."

WHEREAS, the Parties believe in good faith that certain information that may be

requested in discovery in this case consists of financial information, proprietary information,

confidential sales and business information, and/or commercially valuable information that the respective Parties maintain in the ordinary course of business in confidence from competitors, customers, and the public at large, and disclosure of such information would impair its value or place the respective Party at a competitive disadvantage;

WHEREAS, the Parties reasonably believe that public disclosure of such Sensitive Material (*see* "DEFINITIONS" section) would cause unnecessary financial and competitive injury to the disclosing Party;

WHEREAS, the Parties have agreed that the documents that contain Sensitive Material (*see* "DEFINITIONS" section) are so numerous that seeking an order from the Court to determine the protected status of each document on a document-by-document basis would unduly interfere with the prompt and efficient disposition of this lawsuit; and

WHEREAS, the Parties, through counsel, stipulate that good cause exists for entry of this Order, *see* Fed. R Civ. P. 26(c), *Pansy v Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) and this Order provides reasonable restrictions against improper disclosure or use of Sensitive Material (*see* "DEFINITIONS" section) produced in this case.

Now, therefore, it is hereby stipulated and agreed by and between counsel for the Parties that the terms and conditions of this Order regarding confidentiality shall govern the handling of documents and information hereinafter produced in the course of discovery:

## **DEFINITIONS**

1.       The term "Sensitive Material" shall mean and include any document, portions of documents, information or other things furnished by any Party, including third-parties, such as, for example, responses to interrogatories, responses to requests for production, responses to requests for admissions, depositions, transcripts of depositions, all copies, extracts, summaries,

compilations, designations and portions thereof, and technical or commercial information derived therefrom deemed by any Party to contain the proprietary and/or confidential information of it or another Party and/or information that any Party is required to maintain in confidence under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Documents designated with a confidentiality marking under this Order shall meet the criteria stated in the Findings of this Order. This Order shall not govern the admissibility of evidence during the trial proceedings nor does it prohibit any Party or interested member of the public from seeking a protective order to govern disclosure of Sensitive Material to the public during the trial proceedings. However, any Sensitive Material designated with a confidentiality marking under the terms of this Order shall continue to be afforded the protection of this Order by the Parties unless the Sensitive Material becomes a public record at trial.

2.      The term "Documents" shall mean all materials within the scope of Federal Rule of Civil Procedure 34.

3.      The terms "notice," "notify," "notifying," or "notification," unless otherwise defined, shall mean written notice by hand or email.

4.      The term "palonosetron products" refers to any formulation that contains palonosetron, including 0.25 mg / 5 mL palonosetron hydrochloride intravenous solutions.

## SPECIFIC PROVISIONS

1.      **GENERAL MARKING**. All documents and things produced by any Party shall be numbered (*e.g.*, Bates-numbered) using a prefix bearing the Party's name or an abbreviation thereof, such as an acronym or the first three letters of its name so long as the abbreviation differs from all other names/abbreviations. The prefix should be used on a consistent basis and in a manner which makes clear the identity of the producing Party.

2.    **DESIGNATION OF MATERIAL AS CONFIDENTIAL.**  Any document, tangible item, information, or testimony provided by any Party which that Party in good faith contends contains Sensitive Material entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, may be designated as "CONFIDENTIAL" and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing Party, such designated documents or testimonial information shall be received by counsel of record for the Party upon the terms and conditions of this Order.  Material designated "CONFIDENTIAL" pursuant to this Order shall apply to any so designated document, testimony, or other discovery material, all copies thereof, and all abstracts, summaries, notes, or other derivatives thereof to the extent they contain Sensitive Material.

3.    **DESIGNATION OF MATERIAL AS HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**.  Any "CONFIDENTIAL" document, tangible item, or testimony produced by any Party which contains particularly important Sensitive Material proprietary to the producing Party, including, for example, particularly sensitive competitive information, may be designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  Examples of the types of information that may be requested in discovery and designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" if produced include:

(a)    The names, or other information tending to reveal the identities, of a Party's employees, suppliers, or present or prospective customers;

(b)    Information relating to pending patent applications;

(c)    Financial information of a Party, including but not limited to identifying the number of products sold, total dollar value of sales products, and profit margins for products, both forecasted and actual;

(d)    Information constituting product specifications, formulations, and/or regarding the manufacture of the Party's products;

(e)    Technical notebooks and technical reports of a Party, including product and manufacturing specifications, schematic diagrams, technical reference manuals, operations manuals, or other similar information;

(f)    Confidential marketing plans, market research, and business strategy, including research regarding competitors;

(g)    All information relating to a Party's research and development efforts leading to the creation of its palonosetron products; and

(h)    All Abbreviated New Drug Applications, confidential portions of New Drug Applications, or Drug Master Files.

The above examples of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information are not exhaustive or limiting, and other categories of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information may exist. Disputes regarding whether material is properly designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" or "CONFIDENTIAL," shall be resolved in accordance with Paragraph 16. The Parties agree to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" on a good faith basis and not for purposes of harassing the receiving Party or for purposes of unnecessarily restricting the receiving Party's or the public's access to information concerning the lawsuit.

The producing Party may redact from any produced documents information that the producing Party contends is highly Sensitive Material, such as for example trade secret or proprietary information, that is non-responsive because it concerns products other than palonosetron; provided, however, that the producing Party must clearly mark each page on which such information is redacted with a legend substantially in the form "Redacted-Nonresponsive."

4.      **PROCEDURE FOR DESIGNATING MATERIAL**.  Documents or tangible items shall be designated confidential within the meaning of this Order in the following ways:

(a)      In the case of documents and the information contained therein, by placing on the first page and any other relevant pages of the document, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

(b)      In the case of responses to interrogatories or requests for admissions and the information contained therein, designation shall be made by placing on the first page and all subsequent pages containing Sensitive Material, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

(c)      In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" if practicable or, if not practicable, by placing such marking visibly on a package or container for the item.

(d)      In producing original files and records for inspection, no marking need be made by the producing Party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting Party, the producing Party shall mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," the copies of such documents as may contain Sensitive Material at the time the copies are produced to the inspecting Party.

5.     **DOCUMENTS PRODUCED PRIOR TO ENTRY OF THE PROTECTIVE ORDER**.  To the extent that the Parties have produced any documents prior to the entry of this Order, those documents, unless marked with the language in accordance with Paragraphs 1 and 2 of this Order, will be treated as having been produced marked as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  If a producing Party decides that the previously produced documents do not require this heightened level of confidentiality, then that producing Party shall provide the receiving Party with the Bates range(s) of the previously produced documents and the appropriate confidentiality designation.

6.     **DESIGNATED MATERIAL SHALL BE KEPT CONFIDENTIAL**.  With respect to all documents, information, testimony or tangible items, produced or furnished by a Party during this litigation, which are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" by the producing Party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Order, and shall not be used for any purposes other than this lawsuit.

7. **DEPOSITION TESTIMONY**. If, in the course of this proceeding, depositions are conducted that involve Sensitive Material, counsel for the witness or Party producing such information may state, on the record, the portion of the deposition which counsel believes may contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information. If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information, as the case may be, in accordance with this Order. Subject to the terms hereof, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information may be disclosed by a receiving Party during a deposition, to the extent that its use is reasonably necessary, only at the deposition(s) of:

(a) the present directors, officers, employees, agents, or Rule 30(b)(6) designees of the producing Party;

(b) an author, addressee, or other person indicated as a lawful recipient of a document containing the information;

(c) a person not within subparagraphs 7(a) or (b) above but who is clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the specific Sensitive Material);

(d) an independent advisor, consultant, or expert otherwise qualified under this Order to receive such information;

(e) any person for whom prior authorization is obtained from the producing Party or the Court; or

(f)     individuals having knowledge of the particular confidential information, even if not an actual recipient of the document at issue.

Regardless of whether a deposition is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" at the time of the deposition, the Parties will have thirty (30) days from the date of receipt of the final deposition transcript to designate the deposition under this Protective Order.  During the period prior to the specific designation, the deposition will be treated as if it were designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

The producing Party and the Party desiring to use the information agree to confer in good faith to resolve any disputes and reach agreement on the form (*e.g.,* redacted versions) or manner in which the information may be used at the deposition.  If the Party desiring to use the information and the producing Party agree to exclude any other Party from any portion of the deposition, the Party desiring to use the information shall not use that portion of testimony against any Party excluded from the deposition.  If an agreement cannot be reached, the producing Party must seek a protective order from the Court in order to limit access to the materials during any deposition.

Prior to any disclosure under subparagraph 7(c), notice must be given to the producing Party of the specific information sought to be disclosed so that the producing Party has a fair opportunity to object to the disclosure.  Notice may be given at the time of the deposition.  The Parties agree to cooperate, and if necessary to defer any such disclosure, to allow either Party to initiate action, by application consistent with the Local Rules and the Federal Rules of Civil Procedure, with the Court.  The producing Party bears the burden of establishing confidentiality.

With respect to disclosures under either subparagraph 7(b) or (c), if it appears, at any time, that the deponent is not familiar with the document after having been given a reasonable amount of time to review the document, the examining attorney will forthwith remove the document from the view of the witness.

At the conclusion of any deposition, no deponent may retain copies of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information received at a deposition unless the deponent is otherwise authorized to review such information under this Order.

8.  **COURT FILINGS CONTAINING SENSITIVE MATERIAL**. If any Party files with the Court any material that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" (including confidential portions of documents or transcripts) or any document, pleading, or brief that discloses the substance or content of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" material in connection with any motion, other written submission, hearing or trial in this action, the filing party shall make such filing under seal in accordance with Local Civil Rule 5.1.3, the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means, and any other procedures required by the Court; provided, however, that the burden of proving that such information should be sealed shall at all times remain on the party which designated the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

9.  **SIGNED UNDERTAKINGS REQUIRED**. Consistent with Paragraphs 10 through 12 of this Order, before disclosure of any information subject to this Order is made to any person identified in Paragraphs 10(c) and 10(g), counsel for the Party disclosing the

information shall obtain an executed Agreement To Be Bound By Protective Order ("Undertaking", attached hereto as Exhibit A) from each person to whom disclosure is to be made, acknowledging that any document, information, testimony or tangible item that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is subject to this Order, that the person has read this Order, that such person agrees to comply with, and be bound by, this Order, and that such person submits to the jurisdiction of the Court for purposes of enforcing this Order and is aware that contempt sanctions may be entered for violation of this Order. All original, signed Undertakings shall be maintained by the counsel who obtained such Undertakings through the conclusion of this action, and a copy of any such Undertaking shall be provided to opposing counsel prior to disclosure of any Sensitive Material to such person in accordance with the provisions of Paragraphs 10(c) and 10(g).

10. **LIMITATIONS ON DISCLOSURE OF HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY MATERIAL**. Except as permitted by further order of this Court or by subsequent written agreement of the producing Party, disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" documents, deposition transcripts, tangible items or information, including summaries thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to:

(a) outside counsel for the Parties, and associate attorneys, paralegals, and secretarial and clerical employees assisting such counsel;

(b) Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

(c)      consultants or experts, who are not employed by, officers of, or affiliated with any of the Parties, but who are specifically retained by any of the Parties to consult or testify in the case and who have executed the Undertaking attached hereto as Exhibit A. To allow any Party to provide proper objections, the parties shall identify any consultants or experts to opposing counsel, and provide a copy of an up-to-date CV, ten (10) days prior to the disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" materials to said consultants or experts;

(d)      court reporters and video-recorder operators retained by any Party to record a deposition in the case;

(e)      authors or drafters, addressees, and those who received the documents or information prior to the commencement of this action or whom previously received the documents or information from the producing Party;

(f)      third-Party contractors and their employees retained for document management, document review, mock jury exercises, jury consultation, and/or graphics services for this litigation; and

(g)      three designated in-house legal representatives for the receiving Party who have responsibility for maintaining and/or overseeing this litigation (named herein in Paragraph 10(h)). Outside counsel shall maintain appropriate security features to prevent duplication or dissemination, *e.g.*, copying or printing of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information. The Parties will cooperate to allow reasonable substitution of other individuals employed in the legal departments of their respective employers for those individuals named in

Paragraph 10(h). The Parties shall exchange names of such substitute persons as needed, along with statements/summaries of background (including descriptions of current responsibilities), and signed undertakings in the form attached hereto as Exhibit A five (5) business days prior to the disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" materials to said substitutes for the designated in-house legal or corporate representatives named in Paragraph 10(h).

(h)     The three (3) designated in-house legal representatives for the receiving Party who have responsibility for maintaining and/or overseeing this litigation, and designated below, are:

|  | Helsinn Plaintiff | Roche Plaintiff | Aurobindo | Ben Venue |
|---|---|---|---|---|
| Name Title | Matteo Missaglia General Counsel, Head of Corporate Legal Affairs | Jeffrey Butler Associate General Counsel at Genentech, Inc., affiliate of Roche Palo Alto LLC | Debashis Dash, Associate Vice President Intellectual Property Rights | David Dow Patent and Regulatory Counsel at Boehringer Ingelheim, USA |
| Name Title | Sean Ryder Vice President, Legal |  |  |  |
| Name Title |  |  |  |  |

By their inclusion herein, the above-designated attorneys acknowledge that they do not currently have, nor will have for the duration of the litigation, direct or indirect responsibility for, manage, or provide instruction with respect to the prosecution of patent applications directed to liquid, intravenous pharmaceutical preparations containing palonosetron as an active ingredient before the United States Patent and Trademark Office or any corresponding foreign patent authority. Further, by their inclusion herein, the above-designated attorneys will not prepare

or submit any Citizen's Petition regarding approval requirements for any palonosetron product wherein such Petition is based in whole or in part on the producing Party's Highly Confidential information. This shall not impact an above-designated attorney's ability to render advice to his or her client as set forth in paragraph 22, *infra*. Further, by their inclusion herein, the above-designated attorneys have read this Protective Order, and understand that: (1) any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" pursuant to that Order shall be used solely for the purposes of this litigation and not for any business, competitive, or other purposes; and (2) violation of the Protective Order may be punishable as contempt of Court.

11. **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL MATERIAL**. Disclosure of information designated as "CONFIDENTIAL", including summaries thereof, shall be limited to: (a) the persons and entities identified in paragraph 10; and (b) no more than four (4) employees or officers of the receiving Party that are directly involved with the administration of the captioned matter.

Prior to disclosure of any information designated as "CONFIDENTIAL" to persons defined by subparagraphs 10(c), 10(g), and 11(b) above, Counsel for the receiving Party shall notify, in writing, counsel for the Party producing the "CONFIDENTIAL" information of their desire to disclose certain "CONFIDENTIAL" information and shall identify the person(s) to whom they intend to make disclosure and provide such person's employer and job title. The burden of establishing confidentiality shall be on the Party who made the claim of confidentiality, but information designated as "CONFIDENTIAL" shall be deemed as such until

the matter is resolved.  If no objection to such disclosure is made by counsel for the producing Party within ten (10) days of receipt of such notification, counsel for the receiving Party shall thereafter be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving Party shall serve upon opposing counsel, prior to disclosure, an Undertaking in the form attached hereto as Exhibit A, whereby such person(s) agrees to comply with and be bound by this Order.  Outside counsel shall maintain appropriate security features to prevent duplication or dissemination, *e.g.*, copying or printing of "CONFIDENTIAL" information.

12.    **DISCLOSURE TO CONSULTANTS OR EXPERTS**.  If any Party desires to disclose information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to any expert or consultant pursuant to paragraphs 9 and 10(c) above, it must first identify in writing to the attorneys for the producing Party each such expert or consultant.  The attorney for the producing Party shall have ten (10) days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified.  Such identification shall include a curriculum vitae and a signed Undertaking (attached as Exhibit A).  If no objection is made to such consultant or expert receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information within such ten (10) day period, then "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information may be disclosed to such consultant or expert.  The Parties shall attempt to resolve any objections informally.  If objection is made, then any Party may bring before the Court the question of whether Sensitive Material may be disclosed to such consultant or expert.  In the event objections are made and not resolved informally, disclosure of information to the expert or consultant shall not be made except by

Order of the Court (or to any limited extent upon which the Parties may agree). The burden of establishing confidentiality shall be on the Party who made the claim of confidentiality, but information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall be deemed as such until the matter is resolved.

13. **CORRECTION OF INADVERTENT FAILURE TO DESIGNATE MATERIAL AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**. If, through inadvertence, a producing Party provides any information pursuant to this litigation without marking the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information or without being so properly designated, or if any inspection proceeds without the proper designation hereunder, the producing Party may subsequently inform the receiving Party in writing of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" nature of the disclosed information, and the receiving Party shall treat the disclosed information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information upon receipt of written notice from the producing Party. Notice alone of nondesignation shall be sufficient to establish inadvertent disclosure (*i.e.,* no common-law analysis of inadvertence shall be necessary). To the extent the receiving Party has already disclosed such information, such disclosure shall not be a violation of this Order, but the receiving Party shall promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Order, and shall destroy or return them to the producing Party. Moreover, within twenty (20) days of receipt of such written notice, the producing Party shall provide properly marked documents. Upon receipt of properly marked documents, the receiving Party shall return or destroy said unmarked documents and things to

the extent practicable.  If, prior to receiving such written notice, the receiving Party disseminated the "CONFIDENTIAL" " or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the documents and things or to otherwise assure that the recipient(s) maintain the confidentiality of the documents and things.

14.    **INFORMATION NOT COVERED BY THIS ORDER**.  The restrictions set forth in this Order will not apply to information that is in the possession of or otherwise known to the receiving Party or the public before the date of its transmission to the receiving Party, or which comes into the possession of or becomes known to the receiving Party or comes into the possession of or otherwise becomes known to the public after the date of its transmission to the receiving Party, provided that such information does not become publicly known by any act or omission of the receiving Party, its employees, or agents which would be in violation of this Order.  To the extent a receiving Party believes information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is improperly designated for this reason, that receiving Party may challenge the designation pursuant to paragraph 16.

15.    **LIMITATIONS ON USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY MATERIAL**.  No person or Party receiving any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" material pursuant to any pretrial discovery in this action may directly or indirectly utilize such information except for the purpose of this action only and in accordance with any further order issued by the Court.

16.      **CONTESTING DESIGNATION OF CONFIDENTIALITY**.  Acceptance by a
Party of any information, document, or thing designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall not constitute a concession that
the information, document, or thing is confidential.   Any Party may contest a claim of
confidentiality at any time.  If the receiving Party disagrees with the designation and marking by
any producing Party of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
OUTSIDE COUNSEL EYES ONLY," then the Parties shall first try to resolve such disputes on
an informal basis.  If agreement cannot be reached between counsels, then such dispute may be
presented to the Court by any Party by motion or otherwise consistent with the Local Rules and
the Federal Rules of Civil Procedure.  In the resolution of such matter, the burden of establishing
confidentiality shall be on the Party who made the claim of confidentiality, and the burden of
establishing independent prior possession or knowledge, or pre or post transmission public
knowledge shall be on the Party challenging the claim of confidentiality, but information
designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL
EYES ONLY" shall be deemed as such until the matter is resolved.

17.      **NO LIMITATION OF OTHER RIGHTS**.   This Order shall be without
prejudice to the right of any Party to oppose production of any information on any and all
grounds other than confidentiality.

18.      **RELIEF FROM, MODIFICATION, OR ENFORCEMENT OF THIS
ORDER**.  This Order shall not prevent any Party from applying to the Court for relief therefrom,
or from applying to the Court for further or additional protective orders, or from agreeing among
themselves to modify or vacate this Order, subject to the approval of the Court.

The Court retains jurisdiction even after termination of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate.

20.    **RETURN OF SENSITIVE MATERIAL**.  At the conclusion of this action and after any appeals, all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information furnished pursuant to this Order, and all copies thereof, shall be returned to the attorneys of record for the producing Party, or destroyed by counsel for the receiving Party.  In the case where the latter option is used, within 120 days of the conclusion of this action, counsel for the receiving Party shall notify counsel for the producing Party, in writing, that such destruction has taken place.  The provisions of this Order insofar as it restricts the disclosure, communication of, and use of, "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information produced hereunder shall continue to be binding after the conclusion of this action.  Outside counsel for a Party shall be entitled to retain for records purposes copies of correspondence, discovery responses, transcripts of testimony, Court filings, memoranda, notes, trial evidence, and/or any other work product materials that contain, relate or refer to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" material.

21.    **DISCOVERY FROM THIRD PARTIES**.  If discovery is sought of a person not a Party to this action ("third-Party") requiring disclosure of such third-Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information disclosed by such third-Party will be accorded the same protection as the Parties' "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

EYES ONLY" information, and will be subject to the same procedures as those governing disclosure of the Parties' "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information pursuant to this Order.

22. **ATTORNEY ADVICE TO CLIENT**. This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any Party client an evaluation in a general way of protected documents produced or exchanged under this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or indirectly, of any protected document produced under this Order, which disclosure would be contrary to the terms of this Order.

23. **PRIVILEGE/WORK PRODUCT**. Privileged communications and work product of any attorney or Party client herein with respect to this litigation that are dated on or after Defendants' respective initial notice letters, or communications involving, or under the direction or control of, Plaintiffs' litigation counsel dated on or after the initial notice letters of the first-filing ANDA applicants, need not be identified on any privilege log. Outside counsel shall exert their best efforts to identify documents and things protected by the attorney-client privilege or the work product doctrine before the disclosure of any such materials. Any inadvertent production of a document, thing, or information protected by the attorney-client privilege or attorney work-product doctrine material does not constitute waiver of any applicable privilege or immunity to the full extent set forth in Fed. R. Evid. 502. Any Party that mistakenly produces privilege- or work product-protected materials may obtain the return of those materials within ten (10) business days of the discovery of the disclosure: (A) so advising the receiving Party in writing, requesting the materials be returned, and (B) providing a privilege log for any

such materials.  Upon receipt of such written request the receiving Party shall within ten (10) business days comply with the request and provide a written certification that all copies of the materials have been destroyed, except for outside counsel's backup tapes.  Where recovery and return of the inadvertently produced privileged communications and/or work product results in material costs, the receiving Party may apply to the Court to seek recovery of said costs.

Notice of inadvertent production alone shall be sufficient to establish inadvertence in the first instance only, after which the party having inadvertently produced documents shall use its best efforts to re-check its production and confirm that no additional privileged information was inadvertently produced within thirty (30) days of discovery of the inadvertent production.  If additional inadvertently produced documents are discovered after a party's re-check and confirmation, then that party's inadvertent production of additional documents is no longer entitled to a presumption that notice of inadvertent production is sufficient to establish inadvertence, and that party has the burden of demonstrating that it took reasonable precautions to not produce the privileged documents.

If the receiving Party intends to challenge a party's assertion of privilege, it must provide written notice within 10 days after notice from a party that it mistakenly produced privilege-or work-product protected materials.  Within thirty (30) days of its notice challenging the assertion of the privilege, the receiving party must present the dispute to the Court in accordance with the Court's Local Rules governing discovery disputes.  Pending the Court's ruling, the party challenging the assertion of privilege shall segregate the affected documents and materials, place them in a sealed envelope or other sealed container and shall not make any use of such documents, electronically store information, or tangible things.  In any motion to compel production of the inadvertently produced document, the receiving Party shall not rely upon in

any manner or assert as a ground for ordering production the fact, circumstances, or contents of the inadvertent production.

24.    **EXPERT DISCOVERY**.  With respect to expert discovery, the Parties agree that, consistent with Fed. R. Civ. P. 26(b)(3), documents, communications, and tangible things, including (a) drafts of expert reports and any working notes in connection with the preparation of expert reports and (b) communications between an expert for a Party and that Party's attorneys (except to the extent that the expert relied upon any such communications as a basis or grounds for any opinion to be expressed by the expert in any direct or rebuttal testimony), are not discoverable and need not be retained or produced.  In all other respects, the Parties and their experts shall fully comply with the disclosure requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

25.    **OUTSIDE PARTY DISCOVERY REQUEST**.  If any documents, things, or information received under this Order and in the possession, custody, or control of any receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request, the receiving Party to whom the process or discovery request is directed shall, unless otherwise precluded from doing so by law or court order:  (i) within five (5) business days after receipt thereof, give written notice by hand, e-mail, or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing Party; (ii) cooperate to the extent necessary to permit the producing Party to seek to quash such process or discovery request; and (iii) not produce or disclose the documents, things, or information until the producing Party consents in writing to production or the receiving Party is ordered by a court of competent jurisdiction to produce or disclose the documents, things, or information, so long as the order is

not stayed prior to the date set for production or disclosure.  Nothing herein shall prevent timely compliance with a governmental subpoena or court order.

26.    **STORAGE OF HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY MATERIAL**.    Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall not be stored at any business premises of any Party.

27.    **DISCLOSING PARTY'S RIGHT**.    The terms of this Order shall in no way affect a disclosing Party's right to:  (a) withhold information on grounds of immunity from discovery such as, for example, attorney-client privilege or the work-product doctrine; or (b) reveal or disclose to anyone its own documents or information designated by it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

**and the parties having consented to the form and entry of this Protective Order, except as modified by the Court.**

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS JAMES LLP |
| /s/ Maryellen Noreika | /s/ Mary B. Matterer |
| Jack B. Blumenfeld (#1014) | Mary B. Matterer (#2696) |
| Maryellen Noreika (#3208) | 500 Delaware Avenue |
| 1201 N. Market Street | Suite 1500 |
| P.O. Box 1347 | Wilmington, DE  19801 |
| Wilmington, DE  19899-1347 | (302) 888-6800 |
| (302) 658-9200 | mmatterer@morrisjames.com |
| jblumenfeld@mnat.com | |
| mnoreika@mnat.com | *Attorneys for Defendants Aurobindo Pharma Ltd. and AuroMedics Pharma LLC* |
| *Attorneys for Plaintiffs* | |

OF COUNSEL:

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Eric W. Dittmann
David M. Conca
Gary Ji
Angela C. Ni
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Plaintiff Helsinn Healthcare S.A.*

Mark E. Waddell
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
(212) 407-4127

*Attorneys for Plaintiff Roche Palo Alto LLC*

OF COUNSEL:

H. Keeto Sabharwal
Paul A. Ainsworth
Nirav N. Desai
Brett E. Howard
STERNE, KESSLER, GOLDSTEIN & FOX, PLLC
1100 New York Avenue
Washington, DC 20005
Phone: 202.371.2600
Fax: 202.371.2540

SHAW KELLER LLP

*/s/ Karen E. Keller*
_____
Karen E. Keller (#4489)
David M. Fry (#5486)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendant Ben Venue*

OF COUNSEL:

Robert V. Cerwinski
Huiya Wu
Michael S. Chang
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

William G. James
KENYON & KENYON LLP
1500 K Street, NW
Washington, D.C. 20005
(202) 220-4200

IT IS SO ORDERED.

this _____ day of _____2014.

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELSINN HEALTHCARE S.A. and<br>ROCHE PALO ALTO LLC, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | C.A. No. 13-688 (GMS)<br>CONSOLIDATED |
| AUROBINDO PHARMA LTD. and<br>AUROMEDICS PHARMA LLC, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |
| HELSINN HEALTHCARE S.A. and<br>ROCHE PALO ALTO LLC, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | C.A. No. 13-1612 (GMS) |
| BEN VENUE LABORATORIES, INC.<br>d/b/a BEDFORD LABORATORIES | ) <br> ) <br> ) | |
| Defendant. | ) | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, have read the attached Protective Order entered in the

above-captioned case and understand its terms. In particular, I understand that any information

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

EYES ONLY" pursuant to that Order shall be used by me solely for the purposes of this

litigation and not for any business, competitive, or other purposes. By signing this declaration, I

agree to be bound by all the terms of the Protective Order entered in this case, and I submit to the

jurisdiction of this Court for the purpose of enforcement of the Protective Order. I understand

that violation of the Protective Order may be punishable as contempt of Court.

Dated: _____     Signature: _____

                                      Address: _____

                                                                 _____